UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

PATRICK BLEWETT                                                                                             PLAINTIFF

v.                                                                                       CIVIL ACTION NO. 5:18CV-P22-TBR

KENTUCKY STATE PENITENTIARY *et al.*                                   DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial screening of the complaint (DN 1) and amended complaint (DN 4) pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will order Plaintiff to provide additional information concerning the state charges against him.

### I.

Unrepresented by counsel, Plaintiff Patrick Blewett, a prisoner incarcerated at the Kentucky State Penitentiary (KSP), sent a letter to this Court alleging that he has "a criminal case with the Department of Corrections due to the fact three correction officers jump on me beating me and spraying me with OC (Oleoresin Capsicum)" (DN 1). The matter was assigned the instant case number,[1] and by Order entered February 23, 2018 (DN 3), the Court construed the letter as a civil-rights complaint brought pursuant to 42 U.S.C. § 1983 and directed Plaintiff to re-file his complaint on a Court-supplied form. Plaintiff re-filed his complaint on the form, and it was docketed as an amended complaint (DN 4).

---

[1] Blewett addressed the letter to the Honorable Chief Judge Joseph H. McKinley, Jr., citing Civil Action No. 4:17CV-P138-JHM, and indicating his intent to be a "witness" for the plaintiff in that action. The letter has been filed in that case. Additionally, however, because Blewett goes on to allege problems he is experiencing at KSP and seeks assistance in filing a "proper complaint," the letter was assigned its own case number.

While Plaintiff named no defendant in the letter/complaint (DN 1), in the amended complaint (DN 4), he sues, in both their individual and official capacities, Kentucky Department of Corrections Commissioner James Erwin and the following KSP officers: Sgt. James Beeler, Sgt. Malissa Rogers, C.O. Marlene Sheets, C.O. Sonja Bowers, C.O. Anthony Hale, C.O. Jon Rush, Lt. Jesse Jenkins, C.O. Terry Gritney, Unit Administrator Troy Belt, and Warden Randy White.

Plaintiff alleges physical abuse by KSP Defendants while Defendants were moving him to a different section of the institution. He alleges that at one point, Defendant Bowers "came to assist the situation and jumped on the Plaintiff and lied on the record by saying the Plaintiff, 'elbowed her in the nose and chest.'" Plaintiff states that he "is still facing criminal charges in Lyon County Court Case No. 17-CR-00077 due to this incident, were no officer were seriously injuryed due to the Plaintiff." He alleges cruel and unusual punishment, "racial profile and brutality," and physical abuse.

As relief, Plaintiff seeks compensatory and punitive damages and release on parole.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In *Wallace v. Kato*, the Supreme Court held as follows:

> If a plaintiff files a false arrest claim before he has been convicted (***or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial***), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Wallace v. Kato*, 549 U.S. 384, 393 (2007) (emphasis added). In light of *Wallace v. Kato*, if Plaintiff has a pending criminal case stemming from his allegations, it may be necessary for the Court to stay the instant action until completion of the criminal matter. Alternatively, if Plaintiff has been convicted of the charges which he claims were brought illegally, his claims may be barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under the *Heck d*octrine, a state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . - if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Plaintiff alleges that he was charged in state court for actions arising out of the alleged excessive-force incident at KSP. Accordingly, before screening Plaintiff's claims pursuant to § 1915A, the Court requires additional information.

**III.**

Therefore, **IT IS ORDERED** that within **30 days** of the entry date of this Order, Plaintiff shall advise this Court in writing as to the status of the criminal charges against him. Specifically, Plaintiff must:

(1) state all charges filed against him arising out of the incident that is the subject of this lawsuit;

(2) provide the Court with the criminal action number(s) for those charges;

(3) for all charges, state whether the charges have been dismissed, are still pending, or whether he has been convicted;

(4) if he has been convicted, state whether a direct appeal or state collateral proceeding is pending;

(5) if he has been convicted, state specifically on what charges he was convicted and provide a copy of the order or judgment of conviction entered in state court; and

(6) if any charges have been dismissed, state specifically what charges have been dismissed and provide a copy of the order or judgment entered in state court.

**Plaintiff is WARNED that his failure to comply with this Order within 30 days will result in dismissal of this action for failure to comply with an Order of this Court.**

Date: June 20, 2018

*[Signature: Thomas B. Russell]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4413.005